Appellant's petition for rehearing convicts us of some inaccuracies of statement in dealing with the facts. The errors, though wholly immaterial, should be corrected.
Counsel are correct in insisting that the final decree was not under formal attack. The thing challenged, aside from the orders allowing the questioned accounts, was the order discharging the executor. The opinion is to be considered corrected accordingly.
Literally, counsel are also correct in asserting that "Mr. Mitchell was testifying with respect to an order of the court which had relation only to the question of the validity and construction of the will and had nothing whatever to do with the effect on any one of the stock exchanges." But the conclusion is inescapable, obviously so, that Messrs. Butler and Mitchell knew all about the stock exchanges, had considered their effect thoroughly, and never had any notion that they ought to be challenged.
Another inaccuracy of statement properly charged against the author of the opinion is the reference to Messrs. Butler and Mitchell having "acted as attorneys for both appellant and his mother." Of course, neither in what is said to be our "curt manner" nor otherwise did we intend, as we are charged with having intended, either to "sweep away" or ignore the rule that "an infant cannot sustain the relationship of client and attorney." What should have been said, in the interest of technical accuracy, was that Messrs. Butler and Mitchell were acting as attorneys for both respondent as guardian of the estate of the minor and for his mother, Mrs. Torrance Fiske, both individually and in her capacity as guardian of the person. Nor did we intend to suggest that in the latter capacity she could have power to bind her minor son in this or any other litigation.
Not perceiving that the petition for rehearing shows any important error in the decision, which we are glad to correct in the respects indicated, the petition for rehearing is denied. *Page 52